Iddo B. Turner, complainant, *vs.* John R. Whitehouse *et als.*

Kennebec. Decided May 31, 1878.

*Mills.*

A complaint to recover damages caused by flowage, under R. S., c. 92, may be sustained by one who has been the owner of the land described, at any time within three years previous to the institution of the complaint.

All the owners of the dam must be joined in the complaint, and an omission in this respect need not be taken advantage of by plea in abatement, but may be by any proper plea filed as plea in bar.

Where all the defendants have joined in raising a distinct issue, and one of the respondents subsequently files a brief statement raising the same issue, a special demurrer to the latter, on the ground that the pleader was bound by the former, was properly sustained.

On exceptions.

Complaint for flowage, dated July 18, 1871, and tried at the October term, 1876, when the verdict was for the complainant; and the respondents alleged exceptions, stated in the opinion.

*W. P. & E. W. Whitehouse,* for the respondents.

*O. D. Baker,* for the complainant.

Danforth, J. This is a complaint for flowage inserted in a writ. A verdict was rendered for the complainant and exceptions filed.

The first exception relates to the sufficiency of the complainant's title. The case shows that he had an absolute title from March 18, 1867, to November 2, 1870. At this last date he conveyed the premises by deed to N. B. Turner and William R. Hisler, taking from them a contract, not under seal, for a reconveyance upon certain conditions, with a proviso that " said Iddo is to hold a tenancy by the year on said real estate until condition broken ; but when broken, a tenancy only at will." At the end of the first year the condition appears to have been broken ; and on the fourth day of August, 1874, he assigned all his interest in the contract to another party. The writ is dated July 18, 1871, and the trial was at the October term, 1876. Thus it appears that within three years of the date of the writ the com-

plainant was the owner in fee of the land described ; at the date of the writ he was a tenant by the year, and at the trial had parted with all his interest.

Under this state of the facts, the presiding justice was requested to instruct the jury " that the complainant had not shown a sufficient title to the premises to enable him to maintain his process."

This request was properly refused. It may be conceded that, as this is a statute proceeding, it can be sustained only in accordance with the provisions of the statute. But many of these provisions are independent of each other, and may be so separated that one or more may have its full force without aid from, or interference with another. The commissioners when appointed are to appraise the yearly damages, if any, done to the complainant, determine how far the flowing is necessary, and what portion of the year such lands ought not to be flowed. Either one of these several duties may be performed without the other. If the complainant within the three years has suffered damages, they may be appraised by the commissioners. At the same time, if the facts of the case show no occasion for regulating the extent or duration of the flowage, if the complainant has parted with his title so that an adjudication upon these matters would not be binding upon the then owner, such an adjudication may be omitted without affecting the question of damages.

It is clear that the statute gives this remedy, and no other, to one who has suffered damage by lawful flowage. Shall, then, the party who has suffered past damage, but has no interest in such as may arise in the future, or in the extent and duration of the flowing, or who at the beginning of his process has parted with his title, so that an adjudication will not be binding upon his successor, be without a remedy for his injury ? We think the law is not open to that objection. If we adopt such a conclusion, we nullify one of the provisions of the statute, when not required to do so by any other. The complainant alleges that he has suffered damage, and seeks to recover for it. Under one of the provisions of the statute he may do so ; surely it can be no reason for refusing him this remedy, simply because the statute provides for the set-

tlement of future damages and the extent of flowage, matters upon which he makes no claim, and about which, in his case, no questions can arise.

Nor do the respondents have any reason to complain. The law gives them the right to flow upon conditions. One of these conditions is that they shall pay the damages caused by the flowing. They are called upon to pay the damages caused to this complainant, and nothing more. The other liabilities are to be settled with such persons as may have the legal interest in the matters to be adjusted.

It is, however, contended that the complainant, having before the trial parted with his interest in the subject matter of the suit, can no longer maintain his action. If such were the fact, the legal consequence claimed would undoubtedly follow. But it is not. The land he has parted with. That, however, is not the subject of the suit. He is not seeking to recover possession of that, or of any interest in it. He is seeking to recover for the damage which accrued while he was the owner. That is the subject matter of the suit, and that he has not parted with. The sale of the land does not carry with it prior accruing damages. *Sargent* v. *Machias*, 65 Maine, 591.

This question is so satisfactorily discussed and settled in *Walker* v. *Oxford Woolen Mfg. Co.*, 10 Met. 203, that any further consideration of it is unnecessary.

Another question raised is whether the complainant can recover damages for the time during which he was a tenant by the year, or a tenant at will. Whether the owner of such an interest may not recover his damages in a process of this kind, we have no occasion now to inquire. The complaint and pleadings put in issue the title to the fee alone. In the writ there is no such description as would apply to any tenancy of any kind, nor do we find anything in the brief statement, or reply to it, that would raise any issue as to such an interest. Therefore no question upon this point has been or could be submitted to the jury in this case, and the verdict has settled only the title to the fee. It follows that the commissioners can appraise only such damages as have been done to the fee while owned by the complainant.

It is objected that damages are claimed for the whole time, and cannot be apportioned. It is, however, only a case of common occurrence, where a party claims a larger amount ·than his proof sustains. He recovers the same in kind, but only so much as he proves. But a different rule must be applied, where the claim is for an injury to the fee and the proof shows an injury to a less estate ; for, in such case, the measure of damages is not the same. Hence, upon this point, the issue presents one question and, for a portion of the time covered, the proof presents another and a very different question. Perhaps the verdict should have found the time for which the complainant was the owner and entitled to have his damages appraised, but, upon this point, the case leaves no doubt, and the warrant to the commissioners can be so framed as to state definitely the time for which the damages are to be appraised.

It thus appears that, under the pleadings in this case, the contract for a reconveyance of the land was not admissible. But upon this point there is no occasion to sustain the exceptions. The complainant, as seen, is entitled to his damages only while he was the owner of the fee, and, as there is no question as to the time during which he was such owner, the respondents are not aggrieved by the admission of the paper.

A question, growing out of the pleading, is raised by the exceptions filed by the respondent (Bridge) alone. It relates to the title of the respondents. Bridge, with some others, had been summoned in, subsequent to the entry of the complaint in court, upon a plea of non-joinder filed by the original respondents.

After entering his appearance, he joined with all the other respondents in another plea of non-joinder, naming certain persons as co-tenants who had not been summoned in, and alleging that there were still others whose names were unknown. To this there was a reply that those named had been already summoned, and that those unknown were not part owners. Subsequently, the respondent, Bridge, alone filed a plea of non-joinder, in which four persons are named as co-tenants and not joined in the complaint. This last plea is demurred to specially, on the ground that he had before pleaded, and assumed to set forth all the per-

sons not joined. This demurrer was sustained, and to this ruling exceptions were filed.

It is undoubtedly true that, upon proper pleading, it must appear that all the part owners are joined in a process like this. *Hill* v. *Baker*, 28 Maine, 9. *Moor* v. *Shaw*, 47 Id. 88. Nor is it necessary to take advantage of an omission in this respect by plea in abatement, but the issue may be raised by the proper pleading at any time. Hence, where an issue is made upon this point, it is not necessary that the plea should state the names of the part owners omitted. The allegation that they are unknown is sufficient.

In this case, all the respondents, including Mr. Bridge, join in the general issue and a brief statement alleging that other owners known and unknown were not joined; thus distinctly raising the question as to their title to the whole dam. This issue was joined by the complainant. Upon this issue it was competent for either party to introduce testimony, and thus the rights of all the parties, in this respect, were in a condition to be fully protected. The subsequent plea of Bridge presented no new issue, nor the one to be tried, in any better form. It was unnecessary, as the prior plea had sufficiently raised the issue to be tried. It was objectionable, because a multiplicity of pleas upon the same subject matter tends to confusion.

Nor is it any less objectionable if, perchance, persons were named in the last as co-tenants who were not in the first. Though these pleas need not be filed within the time allowed for pleas in abatement, they are in the nature of such pleas, and, as they do not necessarily defeat the action, they tend to delay. For this reason, it is not allowable for a party who has once filed a plea of this kind to put in another subsequently, thus bringing in numerous co-tenants from time to time, in small companies.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.